LYNCHBURG TRAFFIC BUREAU, a
corporation, Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission,
Defendants,

and

Norfolk and Western Railway Company,
et al., Intervening Defendants.

Civ. A. No. 530.

United States District Court
W. D. Virginia,
Lynchburg Division.

Nov. 21, 1963.

Wilbert G. Burnette, Lynchburg, Va., for plaintiff.

Thomas H. Ploss, Washington, D. C. (Robert W. Ginnane, Gen. Counsel of Interstate Commerce Commission, William H. Orrick, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Thomas B. Mason, U. S. Atty., Roanoke, Va., on brief), for defendants Interstate Commerce Commission and United States of America.

Martin A. Meyer, Jr., New York City, for intervening defendant railways.

Before BRYAN, Circuit Judge, and PAUL and MICHIE, District Judges.

ALBERT V. BRYAN, Circuit Judge.

Freight rates on bituminous *fine* coal from mines in Kentucky, Virginia and West Virginia to Lynchburg, Virginia prescribed by the defendant ten railroads, the Lynchburg Traffic Bureau charged before the Interstate Commerce Commission, violated sections 1(5), 1(6), 2, 3(1) and 4 of the Interstate Commerce Act, 49 U.S.C. § 1 et seq., as unjust and unreasonable, discriminatory, prejudicial to Lynchburg and unduly preferential to Danville, Virginia, 64 miles apart. The complaint, filed July 21, 1961, sought to set aside the existing rates and to establish "lawful" ones. In the subsequent proceedings before the Commission, Docket No. 33831 *, it found the accusation unsubstantiated, and on January 5, 1962 dismissed the complaint. Thereupon the Bureau on April 3, 1963 filed this action against the United States to set aside the Commission's order. Intervention as parties defendant was allowed the Commission and the accused carriers.

Fine, as distinguished from *lump*, bituminous coal is brought into Lynchburg from these fields at $3.60 per ton. This is the same as the fine coal rate to Danville which is 59 miles farther from the origins than is Lynchburg. The lump coal rate to Danville is 53¢ more than to Lynchburg—$4.35 as against $3.82. On these facts the plaintiff Bureau predicates its complaint, that is: (1) if the lump coal rate to Lynchburg is 53¢ less than to Danville and as the service in hauling the two kinds of coal is admittedly the same, the fine coal rate to Lynchburg should be 53¢ less than to Danville; and (2) as the fine coal rate to Danville is 75¢ less than the lump

---

* Lynchburg Traffic Bureau v. Chesapeake and Ohio Railway Co.; Norfolk and Western Railway Company; Carolina, Clinchfield and Ohio Railway; Interstate Railroad Company; The Kanawha Central Railway Company; Winifrede Railroad Company; Campbell's Creek Railroad Company; Kelley's Creek and Northwestern Railroad Company; New York Central Railroad Company; The Virginian Railway Company (now Norfolk and Western Railway Company); and Southern Railway Company.

coal rate—$3.60 against $4.35—the fine coal rate to Lynchburg should be 75¢ less than the lump coal rate—that is it should be $3.07 for fine and $3.82, as now, for lump, instead of $3.60 and $3.-82, respectively. The rate to Lynchburg is thus said to be unreasonable, discriminatory, preferential and prejudicial.

With frankness, plaintiff's counsel states that for proof he relies upon the history of the decisions of the Commission, in that they have always fixed a lesser rate to Lynchburg than to Danville. The Bureau adverts especially to the early cases of Staunton Brick Co. v. Chesapeake & O. Ry., 190 I.C.C. 302 (1932) and State Corp. Com. of Va. v. Norfolk & W. Ry., 190 I.C.C. 325 (1932) putting the Lynchburg rate on all coal at $2.15 per ton, and to Danville Chamber of Commerce v. Chesapeake & O. Ry., 191 I.C.C. 20 (1933) placing the Danville rate at $2.55. Later and in the same pattern, Ashland Coal & Ice Co. v. Atlantic Coast Line R. R., 256 I.C.C. 429 (1943) prescribed a rate of $2.05 on all bituminous coal to Lynchburg, and Carolina Coal Consumers Conference v. A. & R. R., 270 I.C.C. 291 (1948) established a rate to Danville at $2.55. Afterwards, general increases raised these to $3.82 and $4.35, respectively, thus increasing the difference from 50¢ to 53¢.

Subsequently, the carriers divided the bituminous coal classification into two classes: lump and fine coal. They left the lump coal rate at the former all-bituminous-coal rate of $3.82 to Lynchburg and $4.35 at Danville, but the fine coal rate was lowered, first at Danville and, on complaint of the plaintiff Bureau, then at Lynchburg, to $3.60.

■ We cannot uphold the plaintiff's charge that the Lynchburg rate is unjust or unreasonable in violation of § 1(5). The Commission has never fixed a rate for fine coal at either place. Nor has it ever established any relationship between Danville and Lynchburg with regard to rates. The most it has done is to declare the maximum rates on all-bituminous-coal as just mentioned. The carriers have placed the fine coal rate at

less than these maxima. In this there was nothing unlawful. United States v. Illinois Central R. R., 263 U.S. 515, 524, 44 S.Ct. 189, 68 L.Ed. 417 (1924). When the new rate is not above the maximum, nor below what is reasonable, the carriers are at liberty to adjust them within this range, although the roads cannot be required to do so by the Commission. United States v. Chicago, M., St. P. & P. R. R., 294 U.S. 499, 506, 55 S.Ct. 462, 79 L.Ed. 1023 (1935). It is to be noted that the plaintiff does not attack the maximum rates here and no minimum rates have been requested or established.

■■ That the rate on fine coal to Danville is the same as that to Lynchburg, although Danville is farther from the mines, does not alone establish, in law or in fact, Lynchburg's rates to be unfair. Lynchburg Traffic Bureau v. United States, 84 F.Supp. 1012, 1017 (W.D.Va.) (3-judge court), aff'd, 338 U.S. 864, 70 S.Ct. 148, 94 L.Ed. 529 (1949). There are many factors other than distance entering into a rate. Ayrshire Collieries Corp. v. United States, 335 U.S. 573, 588, 593, 69 S.Ct. 278, 93 L.Ed. 243 (1949); Louisville & N. R. R. v. United States, 238 U.S. 1, 11, 12, 35 S.Ct. 696, 59 L.Ed. 1177 (1915). Furthermore, whether or not the fine coal rates are unreasonable is a question of fact to be determined by the Commission and not one of law to be decided by the court. Lynchburg Traffic Bureau v. United States, supra, 84 F.Supp. 1012, 1016–1017. Here the Commission has found no unreasonableness, and we think the evidence, or rather the lack of evidence indicating unreasonableness, fully justified this finding. In this situation we cannot interfere with the decision of the Commission. United States v. Pierce Auto Freight Lines, 327 U.S. 515, 535–536, 66 S.Ct. 687, 90 L.Ed. 821 (1946).

■ To repeat, the rate on lump coal to Danville is $4.35, but only $3.60 on fine coal—a difference of 75¢ between the two classes of coal—and at Lynchburg the rate is $3.82 on lump and $3.60 on fine coal—a difference of 22¢. On this basis, the failure of the carriers to allow

Lynchburg a difference of 75¢ is charged, as already noted, as offending § 1(6) by creating an unlawful classification of coal; offending § 2 in unjustly discriminating against Lynchburg; and offending § 3 by preferring Danville to the prejudice of Lynchburg. The § 1(6) complaint obviously is but a repetition of the assertion that the rate is too high, and this we have already found unsustained. Moreover, a carrier may lawfully classify its traffic and, in this, separate the all-bituminous-coal rate into two classes. Interstate Commerce Commission v. Chicago, G. W. Ry., 209 U.S. 108, 119, 28 S.Ct. 493, 52 L.Ed. 705 (1908).

In respect to the § 2 grievance of discrimination, the answer is that this section has no relevancy here for it applies only to rates as between shippers or receivers of similar commodities for the same haul between the same points. All such persons at Lynchburg are treated alike. The section does not apply to differences in rates between different destinations, such as Danville and Lynchburg. Ayrshire Corp. v. United States, supra, 335 U.S. 573, 584, 69 S.Ct. 278, 93 L.Ed. 243; Interstate Commerce Commission v. Western & A. R. R., 88 F. 186, 197 (N.D.Ga., 1898), aff'd, 93 F. 83 (5 Cir., 1899), modified on other grounds, 181 U.S. 29, 21 S.Ct. 512, 45 L.Ed. 729 (1901).

In response to the § 3 averment—that Danville and other places were preferred and Lynchburg prejudiced—the railroads show that they have assigned fine coal rates below those for lump coal only at such destinations, and by such amounts, as is required by competition at these points between fine coal and other fuel such as natural gas. This is unquestionably a lawful ground for the difference in rates. On this evidence and the determination that the rates are not otherwise unjust or unreasonable, the Commission has found there was no preference or prejudice. This conclusion we cannot say is unwarranted in fact or in law. Thus it is binding upon the court. Board of Trade of Kansas City,

Mo. v. United States, 314 U.S. 534, 546, 62 S.Ct. 366, 86 L.Ed. 432 (1942).

The allegation of a violation of § 4 of the Act—forbidding a carrier to charge or receive greater compensation in the aggregate for a shorter than a longer haul—was apparently abandoned by the plaintiff in view of the equalization of the fine coal rates to Lynchburg and Danville. Certainly, however, the Commission's denial of it cannot on this record be overborne.

We have examined the other contentions of the plaintiff but also find no merit in them. The complaint will be dismissed for the reasons set forth in this opinion, which is adopted by the court as a statement of its findings of fact and conclusions of law.