**Syed M.A. HASAN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Respondent.**

**Wolf Creek Nuclear Operating Corporation, Intervenor.**

**Nos. 01–9521, 01–006.**

United States Court of Appeals, Tenth Circuit.

April 26, 2002.

Before SEYMOUR, McKAY, and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT *

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In 1999, petitioner Syed M.A. Hasan applied for a position with respondent Wolf Creek Nuclear Operating Corporation as a civil/structural engineer.[1] He stated he was willing to work anywhere in the United States or overseas at any salary respondent considered reasonable. In his application letter, Mr. Hasan also informed Wolf Creek that he had found it necessary to contact the United States Nuclear Regulatory Commission about safety problems he had encountered in a previous position. When he had not heard from Wolf Creek within two weeks, Mr. Hasan filed this complaint, pursuant to 42 U.S.C. § 5851, with the Occupational Safety and Health Administration (OSHA) alleging Wolf Creek had refused to hire him in retaliation for his prior whistleblowing activities. After OSHA found no merit to his complaint, his case was referred to an adminis-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Mr. Hasan also applied for and failed to obtain a position with Wolf Creek in 1994. Although he included facts stemming from the 1994 application in his complaint, he indicated in his brief before the ARB and to this court that his purpose for including the 1994 information was solely for background evidence for his 1999 rejection, rather than to affirmatively state a claim for relief on the 1994 rejection. We, therefore, do not address the timeliness of any claim relating to the 1994 application and subsequent rejection.

trative law judge (ALJ) for disposition. The ALJ recommended dismissing the action for failure to state a claim. The Administrative Review Board (ARB) accepted the recommendation. Mr. Hasan then filed this petition for review.

In his petition for review, Mr. Hasan argues that the ARB's decision was illegal because the ARB did not review the entire record. Mr. Hasan also contends he was denied discovery and Wolf Creek did know of his prior protected activities when he was denied employment.

In reviewing the agency's decision, we examine whether the agency "(1) acted within the scope of [its] authority, (2) complied with prescribed procedures, and (3) took action that was neither arbitrary and capricious, nor an abuse of discretion." *Wyo. Farm Bureau Fed'n v. Babbitt,* 199 F.3d 1224, 1231 (10th Cir.2000) (citation omitted). "We review matters of law *de novo.*" *Id.* (quotation omitted).

The Energy Reorganization Act prohibits employers from discriminating against any employee "with respect to his compensation, terms, conditions, or privileges of employment" because the employee engaged in protected whistleblowing activity. 42 U.S.C. § 5851(a). Congress amended § 5851 of the Act in 1992 to include a gatekeeping function which prohibits the Secretary from investigating a complaint unless the complainant establishes a prima facie case that his protected behavior was a contributing factor in the unfavorable personnel action alleged in the complaint. *See* § 5851(b)(3)(A); *see also Trimmer v. United States Dep't of Labor,* 174 F.3d 1098, 1101 (10th Cir.1999).

To determine whether Mr. Hasan could proceed beyond the § 5851(b)(3) barrier, the ARB examined whether (1) he "engaged in protected conduct; (2) the employer was aware of that conduct; (3) the employer took some adverse action against him; and (4) there is evidence sufficient to raise an inference that the protected activity was the likely reason for the adverse action." R. 23 at 4. The third element is subdivided into three prongs. The complainant "must allege: 1) that he applied and qualified for a job for which the employer was seeking applicants; 2) that, despite his qualifications, he was rejected; and 3) that after his rejection, the position remained open and the employer continued to seek applicants with his qualifications." [2] *Id.* at 5.

The ARB determined that Mr. Hasan had established the first element, but could not establish the remaining elements. As to the second element, Mr. Hasan argues he did establish that the person who made the decision not to hire him was aware of his prior whistleblowing activities because he had included that fact in his application letter. We agree. The ARB concluded that Mr. Hasan had only speculated that the hiring official must have known of his protected activity. The ARB further supported its conclusion citing to a case Mr. Hasan had filed against a different prospective employer wherein the hiring official averred he had not seen Mr. Hasan's application letter. However, Mr. Hasan sent his application letter in which he set forth his prior whistleblowing activities to respondent. Mr. Hasan need not further allege that the official in charge of

**2.** Mr. Hasan does not challenge the Secretary's delineation of the elements of a prima facie case. We are concerned, however, that the Secretary's articulation of the third prong is too limited. *See Amro v. Boeing Co.,* 232 F.3d 790, 796 & n. 2 (10th Cir.2000) (clarifying that plaintiff may establish this element in a number of ways including that position for which he was not hired *was filled or remained open* following rejection of the plaintiff's application). In our discussion, we address both possibilities.

hiring saw that letter; the pleaded facts are sufficient to suggest an inference that the official knew of Mr. Hasan's protected activity.

While we cannot affirm the ARB's determination on this element, Mr. Hasan still cannot proceed past the gatekeeping barrier. Mr. Hasan cannot meet the third element as he did not sufficiently allege that respondent took some adverse action against him because of his protected activity. The ALJ determined that Mr. Hasan had sufficiently alleged that he applied for and was qualified for a job for which respondent was seeking applicants and despite his qualifications, he was rejected. The ALJ concluded, and the ARB affirmed, however, that Mr. Hasan had not sufficiently alleged that after his rejection, the position remained open and respondent continued to seek applicants with his qualifications.

The record shows that Mr. Hasan applied for any senior civil/structural engineering position at any salary in any location for which he was qualified. Mr. Hasan failed to allege that a position for which he was qualified was available and that respondent either filled that position or continued to search for applicants for that position after refusing to hire him. He merely made the conclusory statement that a company the size of respondent's always has positions open. This statement is insufficient to establish the third prong.

■ Further, none of the discovery Mr. Hasan sought was directed towards meeting this prong. Mr. Hasan sought discovery of all documents in respondent's possession which in any way concerned or mentioned him as well as reports of all verbal contacts with anyone about him. He sought the names, qualifications and experience of all civil/structural/pipe support engineers working for respondent as well as all contractors, subcontractors, and architectural and engineering firms contracting with respondent in all locations. Finally, he sought all information about any of respondent's employees or other job applicants who had filed whistleblower complaints. *See* R. Mot. for Protective Order, Ex. 1. None of this information would establish that respondent hired someone with Mr. Hasan's qualifications to fill an open position or that respondent continued to seek someone with Mr. Hasan's qualifications for an open position. Thus, the ARB's decision to dismiss this action prior to discovery did not affect Mr. Hasan's ability to state a viable claim.

As Mr. Hasan could not meet the required § 5851 gatekeeping elements, the ARB's action was neither arbitrary and capricious, nor an abuse of discretion. *Wyo. Farm Bureau Fed'n,* 199 F.3d at 1231. The ARB properly dismissed this complaint. The petition for review is DENIED.