**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SANDERS LAND & CATTLE
COMPANY; DAVID SANDERS;
DAVE C. SANDERS; DON C.
SANDERS, individually,

      Plaintiffs-Appellants,

  and

CAROLYN SANDERS,

      Plaintiff,

v.

DEPARTMENT OF AGRICULTURE,

      Defendant-Appellee.

No. 01-2305
(D.C. No. CIV-00-1115-PJK/RLP)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** and **ANDERSON** , Circuit Judges, and **BRORBY** , Senior
Circuit Judge.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs Sanders Land & Cattle Company, and David Sanders and his sons, Dave C., and Don C. Sanders, appeal from an order of the district court affirming the decision of the Farm Service Agency (FSA) of the United States Department of Agriculture to deny their application for enrollment in the Conservation Reserve Program (CRP).  We affirm.

The CRP  encourages owners of highly erodible lands with eligible cropping histories to take the land out of agricultural production to conserve and improve soil and water resources.  See 16 U.S.C.  §§ 3801, 3831-3836; 7 C.F.R. § 1410.3(a)-(c).  Farmers enrolled in the program receive annual rental payments in exchange for converting their land to soil conservation uses.

David Sanders and his wife Carolyn bought farm land located in New Mexico.  After they purchased the land, they formed the joint venture Sanders Land & Cattle Company.  Their sons operated the farm for approximately six months prior to the deadline for applying for the CRP.  In their application, the Sanders listed Dave C. and Don C. Sanders as the owners of the farm and Sanders Land & Cattle Company    as the operator.  See Aplt. App. at 31.   The FSA

denied the application because Sanders Land & Cattle Company did not meet the owner or operator eligibility requirements for the CRP and the sons had not operated the farm for twelve months prior to the application deadline.

On appeal, appellants argue that Sanders Land & Cattle Co. owned the land and was eligible to participate in the CRP. They note that David and Carolyn Sanders formed Sanders Land & Cattle Co. as a joint venture under the laws of New Mexico, after they purchased the land. While agreeing that the warranty deed is in David and Carolyn Sanders individual names, appellants assert David and Carolyn Sanders intended that the joint venture own the farm. Appellants argue that their intention that Sanders Land & Cattle Co. own the property should control, not the record title. They further contend the district court failed to review the FSA's determination de novo as required. They maintain the FSA erred as a matter of law, in determining that Sanders Land & Cattle Co. was not eligible for enrollment in the CRP. They further note that they presented the Hearing Officer with income tax returns on which they recorded income received from the farm as a joint venture.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 5 U.S.C. § 704. We review the district court's decision de novo. N.M. Cattle Growers Ass'n v. United States Fish & Wildlife Serv., 248 F.3d 1277, 1281 (10th Cir. 2001). The Administrative Procedure Act permits us to set aside an agency's action, findings,

-3-

and conclusions if we determine they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "Under the arbitrary and capricious standard of review, this court must give the agency's decision substantial deference." Utahns for Better Transp. v. United States Dep't of Transp., No. 01-4216, 2002 WL 31053978, at *13 (10th Cir. Sept. 16, 2002). "We review matters of law de novo." Hasan v. United States Dep't of Labor, 298 F.3d 914, 916 (10th Cir. 2002) (quotations omitted).

The regulations provide that only owners, operators, or tenants of eligible land may apply to enroll in the CRP. 7 C.F.R. § 1410.5(a)(1). An owner is a person or entity whom the FSA determines has "sufficient legal ownership of the land." 7 C.F.R. § 1410.2. An operator is "a person who is in general control of the farming operation on the farm." Id. An operator who wishes to participate in the CRP "must have . . . operated . . . the eligible land for at least 12 months prior to submission of an offer." 7 C.F.R. § 1410.5(b).

The FSA did not hold that Sanders Land & Cattle Co. was not a joint venture, but rather that Sanders Land & Cattle Co. did not own the property under CRP eligibility regulations. The agency determined no evidence existed "that [David and Carolyn Sanders] have transferred ownership of the land to the joint venture." Aplt. App. at 49.

The FSA has issued guidelines for determining the date ownership of property commences. These guidelines state that the county offices making the determination shall look to the deed. Aplee. Supp. App. at 8. The guidelines do not violate the Constitution or any federal statute. They are consistent with the regulations and, thus, are not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Cf. S. Utah Wilderness Alliance v. Norton, 301 F.3d 1217, 1228 (10th Cir. 2002) ("[A]s long as an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation.") (quotation omitted).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge