# INTERSTATE COMMERCE COMMISSION *v.* CLYDE STEAMSHIP COMPANY.

# SAME *v.* WESTERN AND ATLANTIC RAILROAD COMPANY.

# SAME *v.* CLYDE STEAMSHIP COMPANY.

## APPEALS FROM THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

Nos. 68, 69, 70.  Argued November 5, 6, 1900. — Decided April 8, 1901.

*East Tennessee, Virginia & Georgia Railway Company* v. *Interstate Commerce Commission, ante* 1, followed.

The statement of the case will be found in the opinion of the court.

*Mr. L. A. Shaver* for appellants. *Mr. Assistant Attorney General Beck* was on his brief.

*Mr. Edward Baxter* for appellees.

Mr. Justice White delivered the opinion of the court.

These cases, with others of like character, originated in complaints brought before the Interstate Commerce Commission by the Railroad Commission of the State of Georgia in the names of the members of that body. Each complaint averred that the defendant carriers were guilty of wrong in that they were illegally charging a greater rate to certain shorter distance points than they were asking to certain longer distance points, in violation of the long and short haul clause of the fourth section of the act to regulate commerce, and, as ancillary to this complaint, that the rates exacted by the defendant carriers were unreasonable and amounted to both an undue preference and an unjust discrimination.

In case No. 68 the complaint was that the rates charged by the defendants for freight transportation, by continuous carriage, from the city of New York and other eastern seaboard points to Greensboro, Madison, Social Circle, Covington, Conyers and Stone Mountain, towns and stations situated on the line of the Georgia Railroad between Augusta, the eastern terminus of that road, and Atlanta, its western terminus, were greater in each case than the amounts charged and received for freight carried to the city of Atlanta, the longer distance point.

In case No. 69 the complaint was that the rates of freight charged by the defendants for freight transportation, by continuous carriage, from the city of Cincinnati and other Ohio River points to Marietta, Acworth, Cartersville, Kingston, Adairsville and Calhoun, towns and stations situated on the Western Atlantic Railroad between Chattanooga, the northern terminus of that road, and Atlanta, the southern terminus, were greater on each class than the amount charged and received for freight carried to Atlanta, the longest distance point.

In case No. 70 the complaint was that the rates of freight charged by the defendants for freight transportation by continuous carriage from the city of New York and other eastern points to West Point, La Grange, Hogansville, Grantville and Newman—towns and stations on the Atlanta and West Point Railroad, Atlanta being the eastern terminus of said road and the town of West Point its western terminus—were greater on each class than the amount charged and received for freight to

a longer distance point, viz., the city of Opelika, situated further west on a connecting railroad known as the Western Railroad of Alabama.

After issues made by answers and hearing had upon evidence introduced before the commission, that body entered an order in each case, in substance commanding the defendants to cease and desist from charging and receiving any greater compensation in the aggregate for the transportation of property between the points of initial shipments mentioned in the complaint and the shorter distance points therein referred to than was exacted to the more distant points specified in the various complaints. The order, however, contained a proviso that it should not be operative until a date designated to enable the defendants to apply, under the fourth section of the act, to be relieved from the operation of that section in respect to the prohibition therein contained against charging or receiving any greater compensation for a lesser than for a longer haul, under substantially similar circumstances and conditions. 5 I. C. C. Rep. 326 ; 4 Inter. Com. Rep. 120. ·

The defendant carriers, not having availed of the permission thus accorded, and refusing to obey, the commission, in due time, began proceedings in equity in the Circuit Court of the United States for the Northern District of Georgia to enforce obedience to its orders. In the Circuit Court additional testimony was taken. All the cases were considered and passed on together. The court decided that the commission had erroneously construed the statute in holding that competition which was actual and substantial in its effect upon rates, if resulting from the action of other carriers who were subject to the act, to regulate commerce, could not produce the dissimilarity of circumstances and conditions provided in the fourth section of the act, so as to enable a carrier in adjusting rates to take into view such competition without the previous assent of the commission. It moreover found that the rates in controversy were in and of themselves just and reasonable, and did not give rise either to undue preference or unjust discrimination. The court, therefore, declined to enforce the order of the commission. 88 Fed. Rep. 186. On appeal to the Circuit Court of Appeals the decrees of the Circuit Court were affirmed. 93 Fed. Rep. 83.

In deciding the *Alabama Midland* case, 168 U. S. 144, 164, we had occasion to refer to the opinion announced by the commission in the cases now under review, because the ruling of the commission in the matter which was examined in the *Midland* case was like the one made in the present cases. The opinion by which the commission sustained the ruling by it made in the *East Tennessee, Virginia and Georgia* case, which we have just examined and decided to be erroneous, was also expressly predicated on the opinion which the commission had previously expressed in these cases. It follows that the error committed by the commission, in interpreting the statute in these cases, has been at least twice heretofore pointed out in the decisions of this court, and hence further examination of the subject is unnecessary. It will be seen from an inspection of the able opinions of the courts below that they expounded the statute in entire accord with the construction which we had previously given to it, and which we have again applied in the *East Tennessee, Virginia and Georgia* case. Despite, however, the error of law which the commission committed in these cases, and in consequence of which error it made no investigation of the facts but postponed the performance of its duty on this subject until a further application was made for relief, it is now urged that we should enter into an original investigation of the facts for the purpose of considering a number of questions as to discrimination, as to preference, as to reasonableness of rates, as to the relation which the rates at some places bore to those at others, in order to discharge the duty which the statute has expressly in the first instance declared should be performed by the commission. In the *East Tennessee, Virginia and Georgia* case, just decided, following the ruling made in *Louisville & Nashville Railroad* v. *Behlmer,* 175 U. S. 648, 667, and previous cases, we have held that, where the commission by reason of its erroneous construction of the statute had in a case to it presented declined to adequately find the facts, it was the duty of the courts, on application being made to them, to enforce the erroneous order of the commission not to proceed to an original investigation of the facts which should have been passed upon by the commission, but to correct the error of law

committed by that body, and after doing so to remand the case to the commission so as to afford it the opportunity of examining the evidence and finding the facts as required by law. The investigation which we have given the questions which arise in these cases and the consideration which we have bestowed on the issues which were involved in the case of the East Tennessee, Virginia and Georgia Railroad have served but to impress upon us the necessity of adhering to that rule, in order that the statute may be complied with both in letter and spirit. Acting in accordance with this requirement, whilst affirming the decree below which refused to enforce the order of the commission, we shall do so without prejudice to the right of the commission, if it so elects, to make an original investigation of the questions presented in these records.

*The decrees of the Circuit Court of Appeals and of the Circuit Court must be modified by providing that the dismissal of the bills shall be without prejudice to the right of the Interstate Commerce Commission, if it so elects, to make an original investigation of the questions contained in the records pertinent to the complaints presented to that body, and, as so modified, said decrees must be affirmed, and it is so ordered.*

MR. JUSTICE HARLAN dissented.