STEWART INFRA-RED COMMISSARY
OF MASSACHUSETTS, INC. and
Barbara Zadroga

v.

Patrick F. COOMEY, District Director,
U. S. Immigration and Naturalization
Service, Boston.

Civ. A. No. 77–579–Z.

United States District Court,
D. Massachusetts.

Feb. 1, 1980.

Julian Soshnick, Boston, Mass., for Stewart.

Lawrence D. Bastone, Boston, Mass., for Zadroga.

Charles K. Mone, Asst. U. S. Atty., Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

In this action plaintiffs Stewart Infra-Red Commissary of Massachusetts, Inc. (Stewart Infra-Red) and Barbara Zadroga, a native and national of Poland, challenge a decision by defendant Immigration and Naturalization Service of the Department of Justice (INS) to deny plaintiffs' petition for Zadroga's special visa status for employment in the United States. See 8 U.S.C. § 1153(a)(6). The Court has jurisdiction of the matter by virtue of the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.

The history of this case dates to March 1972 when Miss Zadroga entered the United States on a six-month visitor's visa. Shortly after her arrival, she began employment with Stewart Infra-Red as a helper in a sandwich packaging establishment, and subsequently initiated a series of efforts to extend her stay and to obtain United States citizenship. The efforts of her employer on her behalf are the subject of this action.

On June 20, 1974 Stewart Infra-Red petitioned the United States Department of Labor (DOL) for certification of Zadroga's status as an alien to be employed in

> skilled or unskilled labor . . . [in which] there are not sufficient workers who are able, willing, qualified . . . and available at the time of application for a visa and admission to the United States and at the place where the alien is to [work, and whose] employment . . will not adversely affect the wages and working conditions of the workers in the United States similarly employed. 8 U.S.C. § 1182(a)(14).

INS regulations, 8 C.F.R. § 204.1(c) (1979), require DOL to determine whether an alien qualifies for this employment status, and if so, to issue DOL Form MA7–50. When accompanied by additional DOL forms ("Statement of Qualifications of Alien" and "Job Offer for Alien Employment") the certification is filed with INS Form I–140 as a petition to INS under 8 U.S.C. § 1153(a)(6) for the alien's special visa status ("sixth preference immigrant status").*

On August 19, 1974 DOL denied Stewart Infra-Red's petition for Zadroga's certification. On March 26, 1976, however, DOL certified Zadroga, and Stewart Infra-Red subsequently petitioned INS for her sixth preference status. On June 1, 1976 INS denied the petition in a two-page order which recited the dates of Zadroga's tenure with Stewart Infra-Red and her job responsibilities, and concluded that

> [she] did not meet the qualifications for the position at the time the visa petition

was filed and is therefore not entitled to any status based upon [her] petition.

The order mentions only the issue of Zadroga's qualification for the position at Stewart Infra-Red, and the December 23, 1976 dismissal of plaintiffs' appeal by INS refers to that fact alone. Plaintiffs filed this action to challenge the adequacy of the stated reason to support the INS decision.

The parties agree that the sole issue before me is whether defendant INS abused its discretion, applied an improper rule of law or demonstrated an improper understanding of the law in its June 1, 1976 ruling. See *Gestuvo v. District Div. of Immigration and Nat. Serv.*, 337 F.Supp. 1093 (C.D.Cal.1971).

■ One question appears: may INS deny a sixth preference visa petition because it determines that an employee "did not meet the qualifications for the position . . .", Order of June 1, 1976, at 2, for which DOL had previously certified her? Congress has committed the question of qualification to the determination and certification of the Secretary of Labor, 8 U.S.C. § 1182(a)(14), and INS regulations make DOL certification a prerequisite for sixth preference status. 8 C.F.R. § 204.1(c) (1979). Under those circumstances, and in light of recent authority, I conclude that this exercise of INS discretion—effectively invalidating DOL certification—exceeds the Service's statutory authority.

The Court of Appeals for the District of Columbia has recently explored this very question. Combing the legislative history of the Immigration and Nationality Act, 8 U.S.C. §§ 1101, *et seq.*, and examining the entwined statutory authorizations of DOL and INS, the Court determined that such INS invalidation was beyond the scope of its statutory authority: "the substantive certification decision under [8 U.S.C. § 1182(a)(14)] lies exclusively with the Secretary of Labor." *Castaneda-Gonzalez v. Immigration & Nat. Serv.*, 564 F.2d 417, 425

---

* Under circumstances not applicable in this case, the completion of Form MA7–50 can be waived. 8 C.F.R. § 204.1(c) (1979).

(D.C.Cir. 1977). See also *Orcales v. District Director of U. S. Immigration and Naturalization Service,* 431 F.2d 817 (9th Cir. 1970).

In a recent approving citation of *Castaneda-Gonzalez v. Immigration & Nat. Serv., supra,* the Court of Appeals for the First Circuit observed that "INS has decided to acquiesce in the District of Columbia's Circuit's decision that immigration authorities are powerless to review the validity of the Secretary of Labor's decision to certify a particular alien for a particular job." *Spyropoulos v. I. N. S.,* 590 F.2d 1, 3 (1st Cir. 1978). The reason the defendant has departed from this decision and withheld its acquiescence in this instance is not clear. But as appears in the record, the stated decision to substitute its judgment for that of DOL is not sufficient to thwart the statutory limit on INS discretion, and I am compelled to conclude that the decision exceeds the scope of the Service's discretionary authority.

 I note, finally, that an alien's willful misrepresentation of facts to DOL or INS may provide a basis for rejection of a visa petition, *Castaneda-Gonzalez, supra,* 564 F.2d at 432–3, or deportation under another INS provision, 8 U.S.C. § 1182(a)(19). No allegation of willful misrepresentation is provided in the record of this petition, however, and defendants have ventured no such allegations. Accordingly, I determine that the sole reason given for defendant's June 1, 1976 decision is outside the scope of INS's statutory authority.

 The proper remedy for this infirmity in the INS decision is to remand the petition to INS for a renewed exercise of its discretion. 8 U.S.C. § 1153(a)(6) authorizes the issuance of "sixth preference" visas in a number no greater than ten per cent of the total visa allotments set forth in 8 U.S.C. § 1151(a). The fact that an applicant is certified by DOL, thus, vests no right to a visa. Final INS decisions with respect to allocations of visas to aliens certified by DOL may involve additional factors, *e. g.,* the aliens' compliance with prior INS determinations in their cases, see *Buckley v. Gibney,* 332 F.Supp. 790 (S.D.N.Y.), *aff'd* 449

F.2d 1305, *cert. denied,* 405 U.S. 919, 92 S.Ct. 946, 30 L.Ed.2d 789 (1972), or possible misrepresentations in other documents not related to DOL certification, *Cacho v. Immigration and Naturalization Service,* 547 F.2d 1057 (9th Cir. 1976), both of which facts defendant claims to be at issue in this petition.

 When the articulated reasons for an agency decision reflect an error of law, it is the duty of the reviewing court to "correct the error of law committed by that body, and after doing so, to remand the case to the [agency] so as to afford it the opportunity of [re-]examining the evidence . .," *N. L. R. B. v. Ent. Ass'n. of Steam Hot Water, Etc.,* 429 U.S. 507, 522, n.9, 97 S.Ct. 891, 900, n.9, 51 L.Ed.2d 1 (1977) quoting *ICC v. Clyde S. S. Co.,* 181 U.S. 29, 32–33, 21 S.Ct. 512, 513–14, 45 L.Ed. 729 (1901), and citing K. Davis Administrative Law Treatise § 16.01, p. 397 (Supp.1976). Plaintiffs' application for visa pursuant to 8 U.S.C. § 1153(a)(6) is, accordingly, remanded to INS for consideration and action not inconsistent with this opinion.