**Thomas EMMERLING and Prime Tanning Co., Inc., Plaintiffs,**

v.

**Charles T. COBB, District Director, Boston Immigration and Naturalization Service and Eugene Fitzpatrick, District Director, Portland Office of Immigration and Naturalization Service, Defendants.**

**Civ. A. No. 86–0905–C.**

United States District Court,
D. Massachusetts.

Sept. 3, 1986.

Robert J. Gaynor, Boston, Mass., for plaintiffs.

Asst. U.S. Atty. Marianne B. Bowler, and Frederick J. McGrath, Sp. Asst. U.S. Atty. I.N.S., Boston, Mass., for defendants.

MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action in which the plaintiffs seek judicial review of a denial by the Immigration and Naturalization Service ("INS") of a visa petition to classify plaintiff Thomas Emmerling as a Sixth Preference Immigrant. The matter is now before this Court on the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b).

The defendants contend, and I rule, that venue is not proper in the United States District Court for the District of Massachusetts. The Court of Appeals has exclusive jurisdiction to review final orders of deportation. 8 U.S.C. § 1105a. The district court may, however, review the denial of a visa petition. 8 U.S.C. § 1329; *Stewart Infra-Red Commissary of Massachusetts, Inc. v. Coomey,* 485 F.Supp. 345 (D.Mass. 1980), *rev'd on other grounds,* 661 F.2d 1

(1st Cir.1981). According to the record, defendant Emmerling's visa petition was denied by the INS district director for Portland, Maine. The district director in Boston, Massachusetts, was not involved in the decision. Although there is no formal motion before this Court to dismiss the INS district director, Boston, as a party in this case, I rule *sua sponte* that he should be dismissed.

The sole defendant is therefore the district director in the INS Portland, Maine, office. The controlling venue statute, 28 U.S.C. § 1391(e), provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, ... may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

Where no party to this action resides in Massachusetts, the cause of action arose in Maine, and no real property is at issue, I rule that this action should be dismissed for lack of venue.

Order accordingly.