Richard COUTY, Petitioner,

v.

Elizabeth DOLE, Secretary, United States Department of Labor,* Respondent.

No. 88–2233.

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1989.

Decided Sept. 14, 1989.

Thad M. Guyer, Medford, Or., for petitioner.

Barbara Racine, Washington, D.C., for respondent.

Before BOWMAN, Circuit Judge, and FLOYD R. GIBSON and HEANEY, Senior Circuit Judges.

BOWMAN, Circuit Judge.

Federal law seeks to protect from retaliatory discharge employees in the nuclear power industry who act as "whistle-blowers." Under 42 U.S.C. § 5851(a)(1) (1982), "[n]o employer ... may discharge any employee ... because the employee ... commenced, caused to be commenced, or is about to commence or cause to be commenced a proceeding under this chapter or the Atomic Energy Act of 1954."

In 1986 petitioner Richard Couty was employed within the meaning of section 5851 by Arkansas Power and Light Company (AP & L) as a quality control inspector at a steam-electric nuclear generating facility known as Arkansas Nuclear One locat-

* During the pendency of this appeal, Elizabeth Dole succeeded Ann McLaughlin as Secretary of Labor.

ed in Russellville, Arkansas. Petitioner had a number of run-ins with co-workers at the plant during the fall of that year and was discharged by AP & L, ostensibly on the ground of unprofessional behavior. Petitioner, however, believed that he had been discharged because he had engaged in activity protected by section 5851. Specifically, the record shows that petitioner had threatened to bring various safety and quality-control complaints to the attention of the Nuclear Regulatory Commission, and had raised these kinds of concerns with his supervisors. After he was discharged , petitioner filed a complaint with respondent Secretary of Labor as provided for in section 5851(b). The case was tried before an administrative law judge (ALJ), who issued a recommended decision and order adverse to petitioner on the merits of his claim. The Secretary, acting upon the ALJ's recommendation, issued an order dismissing the complaint, and petitioner sought review in this Court pursuant to section 5851(c). For the reasons expressed below, we vacate the Secretary's order and remand the matter to her for further consideration.

In his recommended decision and order, the ALJ determined that petitioner failed to establish a prima facie case of retaliatory discharge under section 5851(a). In addition, the ALJ determined that even if it could be found that petitioner had established a prima facie case of retaliatory discharge, AP & L nevertheless should prevail because petitioner would have been discharged regardless of his having engaged in protected activity. In her final decision and order the Secretary adopted the ALJ's determination that petitioner failed to establish a prima facie case of retaliatory discharge, and rested her disposition of petitioner's claim on that ground; the Secretary did not adopt the ALJ's just-mentioned alternative finding. We disagree with the Secretary's determination that petitioner did not establish a prima facie case of retaliatory discharge.

■ A prima facie case of retaliatory discharge is established when the plaintiff shows: (1) engagement in protected activity; (2) defendant's awareness of plaintiff's engagement in protected activity; (3) plaintiff's subsequent discharge; and (4) that the discharge followed the protected activity so closely in time as to justify an inference of retaliatory motive. *See Keys v. Lutheran Family and Children's Services of Missouri*, 668 F.2d 356, 358 (8th Cir. 1981) (retaliatory discharge claim involving section 704(a) of Title VII, 42 U.S.C. § 2000e–3(a)); *Womack v. Munson*, 619 F.2d 1292, 1296 & n. 6 (8th Cir.1980) (same), *cert. denied*, 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981). *Accord Davis v. State University of New York*, 802 F.2d 638, 642 (2d Cir.1986); *Mitchell v. Baldrige*, 759 F.2d 80, 86 (D.C.Cir.1985). In the case at bar, the ALJ found that petitioner had engaged in activity protected by section 5851(a), that AP & L was aware of this activity, and that petitioner was discharged. The ALJ determined, however, that the evidence did not support an inference of retaliatory motivation on AP & L's part, and therefore concluded that petitioner had not established a prima facie case. In our opinion, this conclusion was error since petitioner was discharged roughly thirty days after he engaged in protected activity. Our cases hold that this temporal proximity is sufficient as a matter of law to establish the final required element in a prima facie case of retaliatory discharge. *See Keys*, 668 F.2d at 358 (less than two months); *Womack*, 619 F.2d at 1296 (twenty-three days).

■ It is therefore our view that the Secretary's evaluation of the record developed at trial in this case should have proceeded beyond the issue of the existence vel non of a prima facie case. While the ALJ appears to have proceeded to the next stage in the inquiry, namely, to the question whether AP & L articulated a legitimate, nondiscriminatory reason for discharging petitioner, the Secretary did not adopt this portion of the ALJ's analysis of the trial record. As the Supreme Court has stated:

"[A]n administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be

sustained." *SEC v. Chenery Corp.*, 318 U.S. 80, 95 [63 S.Ct. 454, 462, 87 L.Ed. 626] (1943). . . . When an administrative agency has made an error of law, the duty of the Court is to "correct the error of law committed by that body, and after doing so to remand the case to the [agency] so as to afford it the opportunity of examining the evidence and finding the facts as required by law." *ICC v. Clyde S.S. Co.*, 181 U.S. 29, 32–33 [21 S.Ct. 512, 513–14, 45 L.Ed. 729] (1901).

*NLRB v. Enterprise Association of Pipefitters*, 429 U.S. 507, 522 n. 9, 97 S.Ct. 891, 900 n. 9, 51 L.Ed.2d 1 (1977) (citations omitted). Since the Secretary terminated her consideration of this case at the initial stage of the legal analysis, we cannot say that the Secretary necessarily would have decided the case adversely to petitioner in the absence of the legal error we have identified above. *Cf. Consolidation Coal Co. v. Smith*, 837 F.2d 321, 323 n. 3 (8th Cir.1988).[1]

For the foregoing reasons, the final order of the Secretary is vacated, and the matter remanded for further consideration consistent with this opinion.

---

1. AP & L presented considerable evidence before the ALJ that Couty engaged in insubordinate conduct. On remand, the Secretary should evaluate the record as it relates to the issue of whether Couty was discharged for a legitimate, nondiscriminatory reason.