# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

Nos. 04-3030, 04-3157, 04-3836

SYED M. A. HASAN,

*Petitioner*,

*v.*

UNITED STATES DEPARTMENT
OF LABOR,

*Respondent*,

and

SARGENT & LUNDY, LLC,

*Intervening Respondent*.

———————

Petition to Review Decision and Order
of Administrative Review Board.
ARB Case No. 03-3030.

KENNETH HARRIS,

*Plaintiff-Appellant*,

*v.*

JUDY SMITH, *et al.*,

*Defendants-Appellees*.

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 02-C-321—**Rudolph T. Randa**, *Chief Judge*.

JACQUELINE D. WATSON,

*Plaintiff-Appellant,*

*v.*

SCOTT MARQUARDT and MANAGEMENT
& TRAINING CORP.,

*Defendants-Appellees.*

————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:03-cv-0758-RLY-WTL—**Richard L. Young**, *Judge.*

————————

SUBMITTED FEBRUARY 15, 2005—DECIDED MARCH 14, 2005

————————

Before POSNER, COFFEY, and WOOD, *Circuit Judges.*

POSNER, *Circuit Judge.* We have consolidated for decision
three appeals, all involving issues of liability for retalia-
tion that concern the applicable legal standard. In the first
case, Syed Hasan's retaliation claim under the Energy
Reorganization Act, 42 U.S.C. § 5851, filed initially with the
Occupational Safety and Health Administration, was dis-
missed by an appellate board in the Department of Labor.
He charged that an engineering firm, Sargent & Lundy, had
refused to hire him in retaliation for his reporting that the
firm was covering up safety problems at a project on which
Hasan had been working for another firm.

The parties agree that the same standard for establishing
a prima facie case of retaliation that is used in employment
discrimination statutes such as Title VII is appropriate in

retaliation cases brought under the Energy Reorganization Act, even though the procedure under that Act is administrative rather than judicial. The standard is defined in *Stone v. City of Indianapolis Public Utilities Division*, 281 F.3d 640 (7th Cir. 2002); see also *Luckie v. Ameritech Corp.*, 389 F.3d 708, 714 (7th Cir. 2004); *Hudson v. Chicago Transit Authority*, 375 F.3d 552, 559 (7th Cir. 2004). We explained in *Stone* that the plaintiff in a retaliation case has two ways of establishing a prima facie case. One "is to present direct evidence (evidence that establishes without resort to inferences from circumstantial evidence) that he engaged in protected activity (filing a charge of discrimination) and as a result suffered the adverse employment action of which he complains." 281 F.3d at 644. The second, "the adaptation of *McDonnell Douglas* [*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)] to the retaliation context, requires the plaintiff to show that after filing the charge only he, and not any similarly situated employee who did not file a charge, was subjected to an adverse employment action even though he was performing his job in a satisfactory manner. If the defendant presents no evidence in response, the plaintiff is entitled to summary judgment. If the defendant presents unrebutted evidence of a noninvidious reason for the adverse action, he is entitled to summary judgment. Otherwise there must be a trial." *Id.*

The quoted passage articulates the second method of establishing a prima facie case in a case in which an employee is fired or otherwise subjected to an adverse employment action, such as a demotion. But with a slight change of words, it is equally applicable to a case such as this in which the plaintiff is complaining about not being hired. His burden is to show that after filing the charge that he claims provoked the retaliation, only he, and not any similarly situated job applicant who did not file a charge, was not hired even though he was qualified for the job for which he was

applying. *Koszola v. Board of Education*, 385 F.3d 1104, 1110 (7th Cir. 2004); *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002). It is doubtful whether Hasan was qualified for the job for which he was turned down, but even if he was, there is substantial evidence to support the board's conclusion that Sargent & Lundy had, and acted on, legitimate, nonpretextual reasons for turning him down. His petition for review is therefore denied.

In our third case, which we take up out of order because it is much like the first, the plaintiff, Watson, an instructor at a training center, was fired, ostensibly for taking food intended for the students at the center but really, she claims, because she'd filed a charge that her manager had sexually harassed her eight months before. The district court granted summary judgment for the employer. Watson failed under both approaches set forth in *Stone*. She had tried to prove discrimination directly, but by the flawed method of *post hoc ergo propter hoc*—after [the charge of sexual harassment] and therefore because of it. It is true that when one event invariably follows closely in time and space upon another, we tend to posit a causal relation, meaning that we are confident that the next time we observe the first event we'll observe the second right afterwards. But besides the space of four months between the sexual-harassment charge and Watson's termination, see *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 895 (7th Cir. 2001); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918-19 (7th Cir. 2000), and the fact that no evidence was presented of a pattern of terminations following the filing of charges, the theft of food that followed the charge was her second such theft and she had been reprimanded for the first with no effect. From these facts, which were all that Watson had, no reasonable jury could infer that her filing the charge was responsible for her being fired.

As for the second method of establishing a prima facie case of retaliation, she failed at the threshold by presenting no evidence that similarly situated employees (repetitive food thieves) were treated more leniently than she was. *Hudson v. Chicago Transit Authority, supra*, 375 F.3d at 561; *Peele v. Country Mutual Ins. Co.*, 288 F.3d 319, 330 (7th Cir. 2002); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002); *Perez v. Texas Department of Criminal Justice*, 395 F.3d 206, 213 (5th Cir. 2004); *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004); *Tolen v. Ashcroft*, 377 F.3d 879, 882 (8th Cir. 2004). So the judgment for the defendants in this case is affirmed.

In our second case, the plaintiff, Harris, a state prisoner, had filed a grievance with the prison authorities in which he accused one of the guards of having tampered with his typewriter. The authorities investigated the accusation, found it to be groundless, and punished Harris for lying about staff in violation of Wis. Admin. Code § DOC 303.271. Harris contends that the punishment was in retaliation for his exercise of a First Amendment right. Prisoners' grievances, unless frivolous, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), concerning the conditions in which they are being confined are deemed petitions for redress of grievances and thus are protected by the First Amendment. *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999); *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995); see also *Turner v. Safley*, 482 U.S. 78, 84 (1987); *Johnson v. Avery*, 393 U.S. 483 (1969); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996). Harris's claim fails, however, because the defendants presented uncontradicted evidence that they punished him not because he tried to exercise free speech but because his accusation was a lie; and if as we must assume this was their true motive,

there was no retaliation. He alleges other acts of retaliation as well, such as being transferred to a less desirable cell, but if retaliatory they were not retaliation for filing a grievance or engaging in other constitutionally protected activity. His other claims have insufficient merit to warrant discussion. The judgment for the defendants in his case too is affirmed.

But we shall take this opportunity to clarify the requirements for proving causation in a retaliation case. As is well settled in the context of employment discrimination, a plaintiff who complains that he was retaliated against for exercising his right of free speech need not prove that, had it not been for that exercise, the adverse employment action that he is charging as retaliation would not have occurred. All he need prove is that his speech was a "motivating factor" in the employer's decision to take the adverse action. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977); *Spiegla v. Hull*, 371 F.3d 928, 941-42 (7th Cir. 2004); *Smith v. Dunn*, 368 F.3d 705, 708 (7th Cir. 2004); *Washington v. County of Rockland*, 373 F.3d 310, 320-21 (2d Cir. 2004); *Lewis v. City of Boston*, 321 F.3d 207, 218-19 (1st Cir. 2003); *Arnett v. Myers*, 281 F.3d 552, 560 (6th Cir. 2002). If the employee leaps that hurdle, the burden shifts to the employer to show that he would have taken the action anyway, even if his heart had been pure. See, besides the cases just cited, *McGreal v. Ostrov*, 368 F.3d 657, 672 (7th Cir. 2004); *Duffy v. McPhillips*, 276 F.3d 988, 991 (8th Cir. 2002); *Anderson v. Burke County*, 239 F.3d 1216, 1219 (11th Cir. 2001). We cannot think of a reason why a stricter standard for proof of causation should apply when the plaintiff is a prisoner rather than an employee. A prisoner has less freedom of speech than a free person, but less is not zero, and if he is a victim of retaliation for the exercise of what free speech he does have, he should have the same right to a remedy as his free counterpart. Cf. *Turner v. Safley, supra*, 482 U.S. at 84.

But what exactly is a "motivating factor"? The cases, beginning with *Mt. Healthy*, tend to treat the term as if it were self-evident. Perhaps it is, but some amplification may be helpful.

A motivating factor is a factor that weighs in the defendant's decision to take the action complained of—in other words, it is a consideration present to his mind that favors, that pushes him toward, the action. See *Boyd v. Illinois State Police*, 384 F.3d 888, 895 (7th Cir. 2004); *Ostad v. Oregon Health Sciences University*, 327 F.3d 876, 884-85 (9th Cir. 2003); *Merkle v. Upper Dublin School Dist.*, 211 F.3d 782, 795 (3d Cir. 2000). It is a, not necessarily the, reason that he takes the action. Its precise weight in his decision is not important.

We can distinguish three cases: (1) The improper reason, such as the plaintiff's having exercised his right of free speech, weighed so heavily in the defendant's mind that he would have punished the plaintiff even if there was no legitimate reason to do so. (2) The improper reason may have tipped the balance: the defendant had a legitimate reason to punish the plaintiff, but it was too weak a one to have triggered the action; it was the additional, improper reason that made the difference. (3) The improper reason may have been present to the defendant's mind as something favoring the action he took, but have weighed so lightly in comparison with other factors that it exerted no influence at all on his decision.

In any of these cases, once having demonstrated the presence of an improper motive the plaintiff will have made out his prima facie case of causation; that is *Mt. Healthy*. In the second case, the defendant has no rebuttal: the plaintiff has proved that had it not been for the improper motive, the defendant would not have taken the action against the plaintiff. In the third case, the defendant has a good rebuttal: he would for sure have acted even if he had not had

the improper motive. In the first case, the defendant *may* have a good rebuttal, for he may be able to show that he had a legitimate reason for the action that was so compelling that it would have caused him to take the same action even if he had not harbored the improper motive. *Nieves v. Board of Education*, 297 F.3d 690, 693 (7th Cir. 2002); *Gooden v. Neal*, 17 F.3d 925 (7th Cir. 1994); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1268-69 (11th Cir. 2001); *Matima v. Celli*, 228 F.3d 68, 80-81 (2d Cir. 2000). If he can prove this, he is not liable despite his impure heart.

A true Copy:

     Teste:

 

                        _____
                        *Clerk of the United States Court of*
                           *Appeals for the Seventh Circuit*