

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2008

# Hasan v. Secretary Labor

Precedential or Non-Precedential: Precedential

Docket No. 07-3813

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hasan v. Secretary Labor" (2008). *2008 Decisions.* Paper 284.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/284

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-3813

———

SYED M. A. HASAN,
                                        Petitioner

v.

UNITED STATES DEPARTMENT OF LABOR

———

On Petition for Review of a Final Decision
and Order of the Administrative Review Board
for the United States Department of Labor
(ARB Case No. 05-037)

———

Submitted Under Third Circuit LAR 34.1(a)
September 24, 2008

Before:  AMBRO, FUENTES and FISHER, *Circuit Judges*.

(Filed: September 25, 2008)

Syed M.A. Hasan
112 Sanoma Drive
Madison, AL  35758
          *Pro Se Petitioner*

Joan Brenner
Ellen R. Edmond
Paul L. Frieden
United States Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Washington, DC  20210
          *Attorneys for Respondent*

---

OPINION OF THE COURT

---

PER CURIAM

Petitioner Syed M. A. Hasan seeks review of the July 31, 2007, final decision and order issued by the Administrative Review Board for the United States Department of Labor ("ARB"), granting summary decision in favor of Enercon.  For the following reasons, we will grant the petition for review, vacate the ARB's decision, and remand the case for further proceedings.

2

## I. Background

This case arises under the whistleblower protection provision of the Energy Reorganization Act of 1974 ("ERA"), 42 U.S.C. § 5851, which prohibits licensees of the Nuclear Regulatory Commission ("NRC") from discriminating against individuals who engage in certain protected activity, such as identifying nuclear safety concerns. Hasan is a civil/structural engineer who has been employed by licensees of the NRC and has participated in protected whistleblowing activity under the ERA.[1] Over the course of many years, Hasan has filed a series of complaints with the United States Department of Labor alleging that various employers, including Enercon, have failed to hire him in retaliation for his participation in ERA-protected activities.

In November 2003, in response to an internet advertisement, Hasan sought employment with Enercon, a consulting firm that places engineers with clients generating nuclear and other forms of power. In his cover letter, Hasan referred to his previous whistleblowing activity and stated "[p]lease do not Discriminate and Retaliate against me." Hasan did not receive an employment offer. In February 2004, Enercon again posted the internet advertisement and Hasan again submitted an application with an accompanying cover letter referring to his whistleblowing activity. Again, Hasan did not receive an employment offer.

---

[1]See Petitioner's Appx. at A33 n.2 (listing numerous non-meritorious whistleblowing complaints filed by Hasan).

3

In May and July 2004, Hasan filed complaints against Enercon with the Occupational Safety and Health Administration ("OSHA") raising claims of retaliatory failure to hire under the ERA. Hasan eventually appeared before a Labor Department Administrative Law Judge ("ALJ"), who consolidated the complaints. Hasan sought and received discovery concerning Enercon's hiring decisions from November 2002 through August 2004. In response, Enercon provided information about 16 civil/structural engineers it hired during that period, including information about the reason for the hiring decision and an explanation of why Hasan was not selected. However, Hasan's request for complete personnel files was denied.

After discovery, Enercon moved for summary decision. It argued, inter alia, that the internet advertisements to which Hasan had responded were not for the purpose of hiring applicants, but rather to accumulate a database of potential candidates. It also argued that no engineers were hired as a result of the internet advertisements, that the 16 engineers were hired for unadvertised positions, and that they were chosen over Hasan for legitimate, non-retaliatory reasons, including their background, skills, and prior experience with either Enercon or its clients. Enercon also contended that Hasan could not identify a particular position for which he had not been hired, or that he had been rejected and that someone else had been hired for any advertised position.

The ALJ recommended granting summary decision in Enercon's favor for failure to set forth a prima facie case of retaliatory failure to hire under § 5851. Hasan appealed the

4

decision to the ARB. A majority of the ARB affirmed the grant of summary decision in Enercon's favor, but on different grounds from those set forth by the ALJ. Hasan now petitions this Court for review of the ARB's disposition of his claims.

## II. Analysis

Summary decision may be granted "if the pleadings, affidavits, material obtained by discovery or otherwise, or matters officially noticed show that there is no genuine issue as to any material fact and that a party is entitled to summary decision." 29 C.F.R. § 18.40(d). We will overturn the ARB's decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). We exercise plenary review in deciding questions of law. Doyle v. United States Sec'y of Labor, 285 F.3d 243, 249 (3d Cir. 2002).

Section 211 of the ERA prohibits an employer from retaliating against an employee for engaging in whistleblowing activity. See 42 U. S. C. § 5851(a). To establish a prima facie case of retaliation, a complainant must show that: (1) he engaged in a protected activity; (2) the employer was aware of that activity; (3) the employer took some adverse action against him; and (4) the circumstances were sufficient to permit the inference that the protected activity was a contributing factor for the adverse action. See 29 C.F.R. § 24.5(b)(2)(i)-(iv); Doyle, 285 F.3d at 250.

The ARB held that Hasan's claims were limited to the positions advertised on the internet, and did not include claims

5

of failure to hire for the unadvertised positions.[2]  However, the ARB did not grant summary decision on this basis because it also held that a disputed issue of fact existed as to whether the internet advertisements offered engineering jobs at all.  The ARB ultimately granted summary decision in Enercon's favor because it concluded that Hasan failed to demonstrate a disputed issue of fact as to whether Enercon took adverse action against him.  Specifically, the ARB held that Hasan failed to raise a material dispute as to "whether Enercon rejected him after he applied for the advertised civil/structural engineering positions."

Given the ARB's conclusion that open job positions may have existed, as well as what appears to be the undisputed fact that Enercon did not hire Hasan for any position, we cannot discern how the ARB reached the conclusion that Hasan failed to make a sufficient showing that his employment applications were "rejected."  We agree with the ARB's dissenting opinion that, in this context, a distinction – let alone a dispositive one – between "rejection" and "failure to hire" is not sustainable.  See Dissent, Petitioner's Appx. at A20-21.  A failure to hire a

---

[2]In contrast, the ALJ held that Hasan's claims included both the advertised and unadvertised positions.  It granted summary decision on the claims concerning advertised positions on the ground that there were no actual job openings, so Enercon did not take adverse action against Hasan with regard to these positions.  It granted summary decision on the claims concerning unadvertised positions on the ground that Hasan failed to show that Enercon refused to hire him because of his previous whistleblower complaints.

6

qualified individual for a position is a "rejection" for purposes of establishing a prima facie case. See Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 352 (3d Cir. 1999) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)); see also Hasan v. United States Dep't of Labor, 400 F.3d 1001, 1004 (7th Cir. 2005) (McDonnell Douglas framework applies to ERA claim that petitioner was not hired for an open job); Hasan v. United States Dep't of Labor, 298 F.3d 914, 917 (10th Cir. 2002) (same).

It is black-letter law that "an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." SEC v. Chenery Corp., 318 U.S. 80, 95 (1943). If an administrative agency makes an error of law, we must "correct the error of law committed by that body, and after doing so, . . . remand the case to the [agency] so as to afford it the opportunity of examining the evidence and finding the facts as required by law." ICC v. Clyde S.S. Co., 181 U.S. 29, 32-33 (1901). In other words, we may not conduct an independent search for another basis on which to uphold the ARB's decision. See id. Because the ARB's sole basis for its summary disposition of the case rests upon an erroneous conclusion of law, we must remand the case to the ARB for further proceedings in conformance with this opinion.

III. Conclusion

The law does not support the ARB's conclusion that Hasan failed to show he was "rejected" when he was not hired for an employment position. We will therefore grant the petition

7

for review, vacate the final decision and order, and remand the case to the ARB for further proceedings.  In so doing, we offer no opinion on the merit of Hasan's claims.