**Syed M.A. HASAN, Petitioner**

v.

**UNITED STATES DEPARTMENT OF LABOR, Respondent**

---

Enercon Services Inc., Intervenor.

No. 10–1288.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 Sept. 23, 2010.

Filed: Oct. 6, 2010.

Syed M.A. Hasan, Madison, AL, pro se.

Matthew Bernt, Esq., Paul L. Frieden, Esq., United States Department Of Labor, Office of the Solicitor, Secretary Labor, United States Department of Labor, Washington, D.C., for Respondent.

Terry M. Kollmorgen, Esq., Moyers, Martin, Santee, Imel & Tetrick, Tulsa, OK, for Intervenor

Before: BARRY, FISHER and GREENAWAY, Jr., Circuit Judges.

## OPINION

PER CURIAM.

Syed Hasan petitions for review of a decision of the Administrative Review Board (ARB). For the reasons below, we will summarily deny the petition for review.

The procedural history of this case and the details of petitioner's claims are well known to the parties and need not be discussed at length. Briefly, in May 2003, Hasan filed a complaint under the Energy Reorganization Act (ERA) alleging that he had not been hired as an engineer by Intervenor Enercon based on his past whistleblowing activities. The Administrative Law Judge (ALJ) recommended granting summary judgment in favor of the respondent and denying the complaint. On May 18, 2005, the ARB accepted the recommendation and denied Hasan's complaint. Hasan did not file a petition for review from the ARB's May 2005 decision. Over four years later, on November 4, 2009, Hasan filed a motion for reconsideration. The ARB denied the motion on January 13, 2010, on the grounds that the motion was not filed within a reasonable time and because Hasan had given no reason to justify reconsideration. Hasan filed

a timely petition for review. We ordered Hasan to show cause why the petition should not be summarily denied.

In his motion for reconsideration, Hasan argued that the ARB overlooked the period from February 21, 2003, until May 21, 2003.[1] He appears to be arguing that based on Enercon's recruiting advertisements after February 21st, there were available jobs for which he was not considered. However, the ALJ found that it was undisputed that Enercon did not hire anyone in the civil/structural engineering divisions between January 23, 2003, and May 21, 2003. Hasan described the ARB's failure to consider this issue as a "legal blunder" and contended that he had informed the ARB in his brief in 2004 that Enercon used an informal hiring process. He is simply seeking to relitigate the merits of his claims which were rejected four years before his motion for reconsideration was filed.

We need not address the question of whether the ARB has the power under the ERA to reconsider its rulings. Even if the ARB does have the power, its refusal to reconsider its ruling four years later for the reasons argued by Hasan was not arbitrary, capricious, or an abuse of discretion. *See* 5 U.S.C. § 706(2)(A).

Summary action is appropriate if there is no substantial question presented in the petition. *See* Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the ARB, we will summarily deny the petition for review. *See* Third Circuit I.O.P. 10.6. The order to show cause is discharged.

---

1. Hasan had sent letters to Enercon on February 21st and March 19th which requested that Enercon not discriminate against him for being a whistleblower. He filed his complaint on May 21, 2003.