**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1886
_____

SYED M.A. HASAN,
Petitioner

v.

UNITED STATES DEPARTMENT OF LABOR,
Respondent

*ENERCON SERVICES INC.,
Intervenor

*(Pursuant to the Court's Order dated 4/24/13)
_____

On Petition for Review of a Final Decision and Order of the
Administrative Review Board for the United States Department of Labor
(ARB Case No. 12-096)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2014
Before:  AMBRO, SHWARTZ and SCIRICA, Circuit Judges

(Opinion filed:  January 30, 2014 )
_____

OPINION
_____

PER CURIAM

Syed M.A. Hasan petitions pro se for review of a decision of the Administrative

Review Board ("ARB").  For the reasons below, we will deny the petition for review.

**I**.

This case arises under the whistleblower protection provision of the Energy Reorganization Act of 1974 ("ERA"), 42 U.S.C. § 5851, which prohibits licensees of the Nuclear Regulatory Commission ("NRC") from discriminating against individuals who engage in certain protected activity, such as identifying nuclear safety concerns. Hasan is a civil/structural engineer who has engaged in protected whistleblowing activity under the ERA. Since engaging in the protected activity, Hasan has filed numerous complaints alleging that various NRC licensees have discriminated against him by failing to hire him.

In November 2003, Hasan responded to an internet advertisement placed by Enercon seeking an engineer.[1] In his cover letter, Hasan referenced his whistleblowing activity and stated "[p]lease do not Discriminate and Retaliate against me." In February 2004, Enercon posted another internet advertisement, to which Hasan submitted a resume and a cover letter referring to his whistleblowing activity. Hasan did not receive an employment offer for either position.

In May and July 2004, Hasan filed complaints against Enercon with the Occupational Safety and Health Administration raising claims of retaliatory failure to hire under the ERA. Subsequently, Hasan appeared before a Labor Department Administrative Law Judge ("ALJ"), who consolidated the two complaints.[2]

---

[1] Enercon is a consulting firm that places engineers with clients generating nuclear and other forms of energy.

[2] Hasan has filed a total of four complaints against Enercon. The second and third complaints are at issue here. Hasan's first complaint was filed against Enercon in May

2

In 2012, the ALJ convened a seven-day evidentiary hearing and granted Hasan the opportunity to present evidence and examine Enercon witnesses.[3] Subsequently, the ALJ issued a Decision and Order on Remand denying Hasan's complaints against Enercon. The ALJ found that Enercon had not discriminated against Hasan on the basis of his protected status. Hasan appealed to the ARB, which adopted the ALJ's findings that Hasan's protected activity was not a contributing factor in Enercon's employment decisions and affirmed the ALJ's decision.[4] Hasan now petitions this Court for review of the ARB's disposition of his claims.

**II**.

We may overturn a decision of the Secretary of Labor only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Hasan

2003. The ALJ denied relief on a motion for summary judgment, and the decision was subsequently affirmed by the ARB. Hasan filed a motion for reconsideration which the ARB denied. Hasan petitioned this Court for review, and we summarily affirmed. See Hasan v. U.S. Dep't of Labor, No. 10-1288, 396 F. App'x 887 (3d Cir. October 6, 2010) (nonprecedential). Hasan filed a fourth complaint against Enercon on December 19, 2011, which the ALJ dismissed on summary judgment. After the ARB affirmed, Hasan filed a petition for review that is currently pending. See C.A. No. 13-3998.

[3] This case has a lengthy history. In December 2004, the ALJ, after conducting discovery, granted Enercon's motion for summary judgment, finding that Hasan had failed to show evidence of an adverse action against him. A divided ARB panel affirmed, and Hasan petitioned this Court for review. We vacated the ARB's decision and remanded for further proceedings, holding that the ARB erroneously concluded that Hasan had failed to show that he was "rejected" given that Enercon had hired 16 engineers during the relevant time period. Hasan v. U.S. Dep't of Labor, 545 F.3d 248, 251-52 (3d Cir. 2008). Upon remand, the ALJ again granted summary judgment for Enercon, finding that Hasan failed to prove that his whistleblower status was connected to Enercon's refusal to hire him. The ARB reversed the grant of summary judgment, holding that there were sufficient factual disputes regarding Enercon's repeated rejections of Hasan to merit an evidentiary hearing.

[4] The Secretary of Labor has delegated authority to the ARB to issue final agency orders under the ERA. See 29 C.F.R. § 2.8.

3

v. U.S. Dep't of Labor, 545 F.3d 248, 251 (3d Cir. 2008) (citing 5 U.S.C. § 706(2)(A)).

Factual determinations will be set aside only if they are unsupported by substantial

evidence. See 5 U.S.C. § 706(2)(E). Substantial evidence is "less than a preponderance

of the evidence but more than a mere scintilla." C & C Marine Maint. Co v. Bellows,

538 F.3d 293, 297 (3d Cir. 2008) (citing Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir.

2004)). The substantial evidence standard applies to an ALJ's credibility determinations.

See Lin v. Attorney Gen. of U.S., 543 F.3d 114, 119 (3d Cir. 2008). We exercise plenary

review over questions of law. See Hasan, 545 F.3d at 251 (3d Cir. 2008) (citing Doyle v.

United States Sec'y of Labor, 285 F.3d 243, 249 (3d Cir. 2002)). Where, as here, the

ARB adopts the ALJ's findings of facts and legal conclusions, it is the ALJ's

determinations that we review. See Trafford Distribution Ctr. v. N.L.R.B., 478 F.3d 172,

179 (3d Cir. 2007).

Section 211 of the ERA prohibits an employer from retaliating against an

employee for engaging in whistleblowing activity. See 42 U.S.C. § 5851(a). To prevail

in a retaliation claim under the ERA, a complainant must demonstrate "by a

preponderance of the evidence that the protected activity was a contributing factor in the

adverse action alleged in the complaint." C.F.R. § 24.109(b)(1).

**III**.

Upon review of the record, we conclude that substantial evidence supports the

ARB's conclusion that Hasan failed to establish that his past whistleblowing activity was

4

a contributing factor in Enercon's decision not to hire him.[5] We may not therefore disturb its decision that Hasan failed to establish that Enercon discriminated against him in violation of the ERA.

Regarding the advertised positions, the ALJ analyzed the testimony of numerous Enercon witnesses, including John Richardson, Enercon's president and CEO, and Richard McGoey, its Director of Northeast Operations. Both Richardson and McGoey testified about Enercon's hiring and placement practices. They stated that Enercon's procedure is to fill positions with existing employees first, and, if none is available, to fill positions with individuals recommended by clients. If no existing employees or client-recommended individuals are suitable or available, Enercon will consider individuals known to be high performers. Only if those resources are exhausted does Enercon go to its database of resumes, which it gleans, in part, from its internet advertisements. Importantly, Richardson testified that Enercon often advertised for jobs that did not exist as a method of obtaining additional resumes for its database.

Hasan was not an existing employee, was not known to Enercon as a high performer, and had not been recommended by a client. Accordingly, his resume was collected by Enercon for in its database, which included 15,000 other resumes, including 3,000 resumes for civil structural engineers. The ALJ, based upon the testimony of Richardson, McGoey, and David Studley (who placed the first advertisement in

---

[5] It is not disputed that Hasan engaged in a protected activity and that Enercon took an adverse action against him in failing to hire him. The only issue at dispute is whether Hasan's engagement in the protected activity was the likely reason for the adverse action against him.

question), concluded that Enercon did not ultimately hire anyone for the two advertised positions, and that, as a result, no evidence of discrimination existed.[6]

Hasan, in his communications with Enercon, stated that he was willing to work at any place, for any shift, and at any salary deemed reasonable. Accordingly, the ALJ and ARB considered Enercon's reasons, if any, for not hiring Hasan for any of the 16 positions it filled during the relevant time. We turn to that now.

McGoey, who was aware of Hasan's whistleblowing status as of May 30, 2003,[7] hired six engineers during the relevant period. Robert Bryan, Vice President of Power Group at Enercon, hired six engineers during the relevant period. Jim Gannon, Director of Client Services, hired two engineers. Tien Lee, a principal engineer in charge of Enercon's Oakland office, hired one engineer. Doug Whitson, a client service manager for Enercon, also hired one engineer. Of these five Enercon employees, the ALJ found that only McGoey was aware of Hasan's whistleblower activity. To support this finding, the ALJ pointed to Richardson's testimony that knowledge of Hasan's whistleblowing activity had purposefully been restricted to himself, McGoey, and Whitmore in an effort to minimize the potential of such information being used against Hasan.

---

[6] One of the advertisements, while reflecting a real need at the time it was placed, did not actually result in anyone being hired. The other advertisement was placed by Enercon in an effort to obtain additional resumes for its database and did not represent any actual need for engineers.

[7] Hasan asserted that McGoey knew of his status as of February 17, 2003, when he sent McGoey and Ken Whitmore, a senior civil structural engineer at Enercon's Northeast Operations, a letter applying for an open position. The ALJ noted that the actual date was not important, as McGoey did not hire anyone prior to May 30, 2003. The ALJ further noted that, to the extent that the date was relevant, McGoey credibly testified that he put aside the letter and resume without reading them because he did not need any additional information regarding Hasan, who had previously interviewed with Whitmore.

Having reviewed the record, we conclude that substantial evidence supports the ALJ's conclusion that Bryan, Gannon, Lee, and Whitson did not know about Hasan's whistleblowing and, therefore, could not have discriminated against Hasan in their respective hiring decisions.[8] See 29 C.F.R. § 24.109. As we have described, evidence indicated that McGoey was aware of Hasan's whistleblowing activity. But the ALJ found that the six individuals hired by him were all either known by Enercon or its client to be good performers. Furthermore, the ALJ found that McGoey did not rely upon the selected candidates' resumes and, indeed, did not rely upon Enercon's database of resumes to fill the open positions. Substantial evidence supports these findings.

The ALJ also credited McGoey's testimony that he followed Enercon's protocol by forwarding Hasan's initial resume to Enercon's HR department to be entered into Enercon's database.[9] Indeed, Richardson and McGoey testified Hasan's resume was

---

[8] Bryan testified about the merits of the six engineers he hired, two of which previously worked for the companies Enercon placed them with and four of which were hired for limited term positions. Bryan further testified that he never saw Hasan's resume and was not aware of his whistleblowing activity. The two engineers hired by Gannon were already known by the respective clients and were identified as good performers; Gannon testified that, like Bryan, he never saw Hasan's resume and was not aware of his whistleblowing activity. Lee testified that he had previously worked with the engineer he hired, knew him to be a skilled engineer, and hired him due to that knowledge and the client's recommendation. Lee further testified that he was unaware of Hasan's whistleblowing activity and that he did not consult the database. Whitson testified that the one engineer he hired was based his knowledge that he was a high performer.

[9] Hasan also asserted that he received a verbal employment offer from Whitmore, subject to McGoey's approval, in January 2003. This alleged offer was addressed in Hasan's first complaint against Enercon. See supra n. 2. In that case, the ALJ found that Hasan never mentioned this alleged offer in any subsequent correspondence with Enercon, and first mentioned it in his initial complaint against Enercon. The ALJ noted that McGoey denied the existence of an offer, noting that all employment offers are in writing and originate from the HR department. The ALJ, crediting this testimony, rejected Hasan's

7

treated in the same fashion as any other resume Enercon received. They further testified

that no one was instructed to discriminate against him in any way. As noted, Richardson

testified that knowledge of Hasan's whistleblowing activity was restricted to himself,

McGoey, and Whitmore in order to avoid potential discrimination.[10] The ALJ further

noted that the evidence supported a finding that Enercon actually encouraged

whistleblowing activity by hiring and promoting past whistleblowers in Enercon's

organization, further calling into question Hasan's allegations of discrimination. These

findings, including the credibility determinations they rest on, are supported by

substantial evidence, and we decline to set them aside. See 5 U.S.C. § 706(2)(E); 29

C.F.R. § 24.109; Bellows, 538 F.3d at 297; Lin, 543 F.3d at 119.[11]

In his brief, Hasan argues that the ALJ abused his discretion in his discovery and

evidentiary decisions and that the ALJ was biased against him and attempted to

"railroad" him. Hasan also asserted that the ARB committed fraud upon the court and

otherwise acted illegally. The ALJ's discovery and evidentiary decisions are reviewed

for abuse of discretion. See, e.g., Indosuez Carr Futures, Inc. v. CFTC, 27 F.3d 1260,

1267 n.4 (7th Cir. 1994) (discovery); Veritas Health Servs., Inc. v. N.L.R.B., 671 F.3d

1267, 1273 (D.C. Cir. 2012) (evidentiary). A review of the record establishes that no

assertions. The ALJ in the instant case agreed, and did not find it credible that such an offer was made.

[10] Neither Richardson or Whitmore hired any engineers during the relevant period.

[11] Hasan also asserted that Enercon "blacklisted" him by refusing to hire him because of his whistleblowing activity. The ALJ found that Hasan failed to provide any factual support that anyone at Enercon was acting to prevent Hasan from finding employment. Rather, the ALJ found that Enercon used legitimate criteria in its hiring process and it treated Hasan in a non-discriminatory way in accordance with its procedures. The ALJ's findings are supported by the record.

abuse of discretion occurred, and that the ALJ provided Hasan with ample opportunity to discover evidence and prosecute his claim. Hasan's assertions of being "railroaded" by the biased ALJ and assertions of fraud and illegal behavior on the part of the ARB are also belied by the record. Hasan has failed to provide any support for his assertion, and appears simply to disagree with the ALJ's decisions. Hasan's assertion that the ARB acted illegally by affirming the ALJ's order is also without support. Finally, Hasan did not specify what "illegal" actions were taken by the ARB or what bias it may have had against him. Simply ruling against a party is not evidence of bias, and, despite Hasan's assertions, nothing in the record suggests anything untoward.

Accordingly, we will deny Hasan's petition for review.