NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3998
_____

SYED M.A. HASAN,
Petitioner

v.

UNITED STATES DEPARTMENT OF LABOR,
Respondent

*Enercon Services, Inc.,
Intervenor
*(Pursuant to the Court's Order dated 11/5/13)
_____

On Petition for Review of a Final Decision and Order of the
Administrative Review Board for the United States Department of Labor
(ARB Case No. 12-063)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2014
Before: HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: June 13, 2014)
_____

OPINION
_____

PER CURIAM

Syed Hasan petitions for review of a decision of the Administrative Review Board

(ARB). For the reasons below, we will deny the petition for review.

The procedural history of this case and the details of petitioner's claims are well known to the parties and need not be discussed at length. Briefly, in November 2011, Hasan filed a complaint under the Energy Reorganization Act (ERA) alleging that he had not been hired as an engineer by Intervenor Enercon based on his past whistleblowing activities. An Administrative Law Judge (ALJ) dismissed the complaint. Hasan appealed the dismissal to the ARB. After the ARB affirmed the dismissal, Hasan filed a petition for review.

We have jurisdiction under 42 U.S.C. § 5851(c)(1), and exercise plenary review over the Board's conclusions of law. See Hasan v. United States Dep't of Labor, 545 F.3d 248, 251 (3d Cir. 2008) (citing Doyle v. United States Sec'y of Labor, 285 F.3d 243, 249 (3d Cir. 2002)).

The ALJ determined that the complaint was untimely because the time for filing a complaint ran from Hasan's conclusion in October 2004 that Enercon had blacklisted him and not from any of its subsequent refusals to consider him. It also noted that the adverse action he challenged was duplicative of one raised in another complaint that was still pending at the time. The ARB agreed with the ALJ that Hasan's complaint was untimely as a matter of law. It noted that Hasan stopped applying for positions with Enercon in 2004 and did not file his complaint until seven years later in 2011. The ARB found no grounds for equitable tolling.

A complainant alleging retaliation for whistleblowing activity must file his complaint within 180 days of the alleged retaliatory act. See 42 U.S.C. § 5851(b)(1). For

2

a federal cause of action, a claim accrues when the claimant is aware or should be aware of an injury and its source. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994). The focus is on the date of the discriminatory act and not the consequences of the act. See Del. State College v. Ricks, 449 U.S. 250, 257-58 (1980). The statute of limitations may be equitably tolled "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver, 38 F.3d at 1387.

Hasan argues that Enercon concealed facts and caused him to not assert his rights during the limitations period. He asserts that Enercon assured him for years that it would consider him for available positions. However, Hasan alleges that he learned in October 2004 that Enercon had blacklisted him.[1] At that time, he decided that further applications to Enercon would be futile. Taking this allegation as true, the ARB determined that Hasan's complaint was untimely filed.

---

[1] We recently denied Hasan's petition for review of the ARB's order which addressed other complaints he had filed against Enercon. We noted that "Hasan also asserted that Enercon 'blacklisted' him by refusing to hire him because of his whistleblowing activity. The ALJ found that Hasan failed to provide any factual support that anyone at Enercon was acting to prevent Hasan from finding employment. Rather, the ALJ found that Enercon used legitimate criteria in its hiring process and it treated Hasan in a non-discriminatory way in accordance with its procedures. The ALJ's findings are supported by the record." Hasan v. United States Dep't of Labor, No. 13-1886, 2014 WL 324261, *4 n.11 (3d Cir. Jan. 30 2014).

We agree with the ARB that Hasan's complaint—filed seven years after he realized that he had allegedly been blacklisted—is untimely. See Kaufman v. Perez, 745 F.3d 521, 529 (D.C. Cir. 2014). Any failure to hire Hasan after he was blacklisted would simply be the delayed consequence of that earlier adverse action. See Ricks, 449 U.S. at 257-58. We further agree that Hasan is not entitled to equitable tolling.

For the above reasons, we will deny the petition for review.