# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 13, 2010

No. 10-60112
Summary Calendar

Lyle W. Cayce
Clerk

CEDAR LAKE NURSING HOME

Petitioner

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES

Respondent

Petition for Review from the United States Department of Health and Human
Services, Departmental Appeals Board

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

In this petition for review from the Departmental Appeals Board of the
United States Department of Health and Human Services ("DHHS"), Petitioner
Cedar Lake Nursing Home ("Cedar Lake") challenges a $5,000 per-instance civil
monetary penalty levied by the DHHS against Cedar Lake for violations of 42
C.F.R. § 483.25(h).  We reject Petitioner's challenge and DISMISS the petition
for review.

I.

Cedar Lake is a nursing home that participates in the Medicare
program.  On February 20, 2008, a resident of Cedar Lake designated in the

record as "Resident # 10" – a 92 year-old woman suffering from a variety of ailments – wandered away from the facility and was later discovered walking alone along a highway.  Witnesses alerted Cedar Lake staff, who returned her to the facility.  Cedar Lake's alarm system, designed to prevent such "elopements" by residents, did not sound when Resident # 10 opened the door to leave the facility.  Cedar Lake alleges through witness testimony that the alarm did not sound because an installation contractor responsible for installing a new alarm system disconnected the old system without informing Cedar Lake personnel.

After this incident, surveyors affiliated with the Centers for Medicare and Medicaid Division ("CMS") of the DHHS conducted a survey of Cedar Lake and determined the facility to be in violation of several Medicare-related regulations, including 42 C.F.R. § 483.25(h), which requires a nursing home to "ensure that – (1) the resident environment remains as free of accident hazards as is possible; and (2) each resident receives adequate supervision and assistance devices to prevent accidents."  Specifically, the surveyors found that Cedar Lake violated 42 C.F.R. § 483.25(h) with respect to Resident # 10's elopement incident.  In response to these findings, CMS imposed a $5,000 per-instance civil monetary penalty on Cedar Lake for violations of 42 C.F.R. § 483.25(h).

Cedar Lake appealed this decision to an administrative law judge ("ALJ") and requested a hearing.  After briefing, CMS moved for summary judgment on the grounds that the undisputed facts presented by the parties showed that Cedar Lake failed to take all reasonable steps to provide Resident # 10 with supervision adequate to prevent her elopement in violation of 42 C.F.R. § 483.25(h).[1]

---

[1] The first ALJ assigned to hear the case, Jose A. Anglada, denied CMS's motion for summary judgment, but this decision was vacated by the second ALJ assigned to the case,

No. 10-60112

In ruling on the motion for summary judgment, the ALJ considered Cedar Lake's main factual presentation: affidavits by two Cedar Lake employees testifying that the alarm's failure to sound upon Resident # 10's departure was unforeseeable because the installation contractor had failed to inform Cedar Lake that the alarm had been disconnected. Accepting this testimony as true, the ALJ concluded that the remainder of the undisputed facts showed that Resident #10's elopement was foreseeable and that Cedar Lake did not reasonably provide Resident #10 with enough supervision to prevent her wandering from the facility. *See Cedar Lake Nursing Home*, D.A.B. No. CR1967, at 7-8 (June 24, 2009).

The ALJ's findings of undisputed fact included the following: that Resident #10 "had a history of wandering, was at high risk for elopement, and repeatedly attempted to leave the facility"; that Cedar Lake's care plan for Resident #10 required staff to place the resident in an area "where constant observation is possible"; and that the facility's care plan amendments for Resident # 10 included frequent observation in addition to the use of a door alarm.[2] *Id*. at 5-6. On the basis of these undisputed factual findings, the ALJ determined that Cedar Lake failed to take all reasonable steps to prevent Resident # 10's elopement in violation of 42 C.F.R. § 483.25(h). The ALJ, thus, granted CMS's motion for summary judgment and upheld the $5,000 per-instance civil monetary fine.

---

Carolyn Cozad Hughes, after the ALJ Anglada left the agency. All references to "the ALJ" are to ALJ Hughes.

[2] The ALJ considered Cedar Lake's argument—which it repeats on this petition for review—that facts derived from Cedar Lake's internal, privileged documents cannot form the basis for a summary judgment motion. But the ALJ concluded that enough of these undisputed facts existed "wholly independent" of Cedar Lake's purportedly privileged documents to support summary judgment. *Id*. at 9-10.

No. 10-60112

Cedar Lake appealed the ALJ's grant of summary judgment to the Departmental Appeals Board, which affirmed the ALJ's decision. Cedar Lake now seeks review in this Court.

## II.

We have jurisdiction to review imposition of the civil monetary penalty against Cedar Lake pursuant to 42 U.S.C. § 1320a-7a(e). S*ee also* 42 C.F.R. § 498.5(c); § 498.90(a)(1) (2010). Ordinarily, review of such an administrative decision is conducted according to the deferential standards of the Administrative Procedures Act ("APA"), which permits the setting aside of agency actions, findings, and conclusions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" or "unsupported by substantial evidence." 5 U.S.C. §§ 706(2)(A)-(E) (2010); *see also Thomas Jefferson University v. Shalala*, 512 U.S. 504, 512 (1994); *Harris County Hosp. Dist. v. Shalala*, 64 F.3d 220, 221 (5th Cir. 1995).[3]

Petitioner, however, asserts that we should review this case *de novo* in accord with Federal Rule of Civil Procedure 56 because the agency decided the case on a motion for summary judgment without having an evidentiary hearing. Petitioner cites a opinion from the Sixth Circuit in which the court conducted *de novo* review of a summary judgment appealed through the same DHHS process. *See Crestview Parke Care Ctr. v. Thompson*, 373 F.3d 743, 750 (6th Cir. 2004). In that case, the Sixth Circuit applied *de novo* review without expressly considering whether deferential review under the APA was the more appropriate standard. *Id.* at 750.

Petitioner's assertion that we should apply *de novo* review is ultimately unavailing for the reasons discussed by Judge Posner in his recent opinion in

---

[3] Similarly, 42 U.S.C. § 1320a-7a(e) states that "findings of the Secretary [of the DHHS] with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive."

No. 10-60112

*Fal-Meridian, Inc. v. U.S. Dept. of Health and Human Services*, 604 F.3d 445 (7th Cir. 2010). *Fal-Meridian* was an appeal, very similar to present one, in which the DHHS Departmental Appeals Board approved summary judgment imposing a $7,100 civil monetary penalty on a nursing home for violations of 42 C.F.R. § 483.25(h), the same regulation at issue here. Carefully addressing the proper standard of review, Judge Posner wrote that "[t]he absence of an evidentiary hearing does not alter the standard of judicial review of administrative decisions, set forth in the Administrative Procedures Act ...." *Id.* at 449-50. Judge Posner noted that giving heightened deference to administrative decisions is appropriate, even on appeal from summary judgment, because agencies have particular subject-matter experience and expertise and "are given more decisional latitude by legislatures than trial courts are . . . ." *Id.* This holding is consistent with opinions of other circuit courts concerning judicial review of decisions made without evidentiary hearings by agencies other than the DHHS. *Id.* at 449 (citing *Gibson v. SEC*, 561 F.3d 548, 552-53 (6th Cir. 2009); *Martex Farms, S.E. v. E.P.A.*, 559 F.3d 29, 32 (1st Cir. 2009); *Hasan v. U.S. Dep't of Labor*, 545 F.3d 248, 250-51 (3d Cir. 2008); *Cogeneration Ass'n v. FERC*, 525 F.3d 1279, 1282-83 (D.C. Cir. 2008)).

We find Judge Posner's reasoning in *Fal-Meridian* persuasive. Thus, we review this petition consistent with the deferential standards of the APA, 5 U.S.C. §§ 706(2)(A)-(E).

### III.

Reviewing the findings and conclusions at issue here under the deferential standards of the APA, we do not consider them to be arbitrary, capricious, not in accordance with the law, or unsupported by substantial evidence.

No. 10-60112

The ALJ determined that Cedar Lake's actions with respect to Resident # 10 were in violation of 42 C.F.R. § 483.25(h)(1)-(2), which require a nursing facility to ensure that the resident environment remains as free of accident hazards "as is possible" and that each resident receives "adequate supervision and assistance devices to prevent accidents." The standard of care imposed by these "as is possible" and "adequate supervision" regulations has been consistently interpreted by the DHHS and federal courts as a "reasonableness" standard. *See Fal-Meridian*, 604 F.3d at 449; *Crestview*, 373 F.3d at 754; *Woodstock Care Center v. Thompson*, 363 F.3d 589-90 (6th Cir. 2003); *see also Kenton Healthcare, LLC*, D.A.B. No. CR1666, at 5 (Sept. 28, 2007).

Based on specific, undisputed findings of fact, the ALJ determined and the Departmental Appeals Board affirmed that Cedar Lake's actions with respect to Resident # 10 were not reasonable under the standard of 42 C.F.R. § 483.25(h), in that Cedar Lake did not take all reasonable steps to prevent her from wandering out of the facility. The ALJ's undisputed findings of fact in support of this determination include not only the February 20, 2008 incident in which Resident # 10 wandered away from the facility, but also Resident # 10's history of wandering, Cedar Lake's prior knowledge of Resident # 10's propensity to wander, and Cedar Lake's previous development of a care plan that involved frequent observation and other measures designed to prevent Resident # 10 from wandering. *See Cedar Lake Nursing Home*, D.A.B. No. CR1967, at 7-8 (June 24, 2009).

Moreover, the primary facts presented by Cedar Lake, even when taken as true by the ALJ, failed to alter these core factual findings. Indeed, the ALJ accepted as true Cedar Lake's main factual presentation—affidavits by employees testifying to the effect that the installation contractor did not inform Cedar Lake that the alarm was to be turned off—but held that such

6

No. 10-60112

facts did not show that Resident #10's elopement was unforeseeable nor demonstrate that Cedar Lake's actions were reasonable under 42 C.F.R. § 483.25(h). *Id*. at 7-8.

These findings and conclusions of the ALJ and the Departmental Appeals Board with regard to the unreasonableness of Cedar Lake's safety and supervision measures under 42 C.F.R. § 483.25(h) are not arbitrary, capricious, not in accordance to the law, or unsupported by substantial evidence. Therefore, this petition for review is DISMISSED.