# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2012

No. 11-60568
Summary Calendar

Lyle W. Cayce
Clerk

CEDAR LAKE NURSING HOME,

Petitioner

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent

Petition for Review of a Decision of the
Department of Health and Human Services
(A-11-29)

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Cedar Lake Nursing Home ("Cedar Lake"), a nursing home participating in the Medicare program, petitions for review of a final decision of the Departmental Appeals Board ("the Board") of the U.S. Department of Health and Human Services ("HHS") affirming an imposition of civil monetary penalties against Cedar Lake. We conclude that the Board's decision was supported by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60180

substantial evidence and that the penalty assessed was reasonable, and therefore dismiss the petition for review.

The Texas Department of Aging and Disability conducted a survey of Cedar Lake from April 13 to 16, 2009. Based on that survey, the Centers for Medicare and Medicaid Services ("CMS") determined that Cedar Lake was not in substantial compliance with 42 C.F.R. § 483.25(k) because it had failed to provide two residents with proper respiratory care and that its noncompliance posed immediate jeopardy to resident health and safety. Specifically, CMS determined that Cedar Lake appealed that determination to an administrative law judge ("ALJ"). After a teleconference hearing and briefing, the ALJ upheld CMS's determinations and its imposition of a $9,500 civil monetary penalty for the violations. Cedar Lake then appealed to the Board, which affirmed. The agency decision was based on findings of fact, which we review for substantial evidence. *Cedar Lake Nursing Home v. U.S. Dep't of Health & Human Servs.*, 619 F.3d 453, 456 (5th Cir. 2010); 42 U.S.C. § 1320a–7a(e).

Substantial evidence in the record supports the agency's determination upholding CMS's determination of noncompliance. Both the accounts of the state surveyors and the notes of Cedar Lake's own employees shows that the state survey revealed that the portable oxygen tank of an 81-year old female resident, identified as Resident 16, was empty and that Resident 16's oxygen saturation level fell below the level required by the applicable standard of care. When Resident 16 was put to bed at her request, Cedar Lake nursing staff members failed to properly connect the tubing for her oxygen concentrator. After the concentrator was property connected, Resident 16's condition notably improved. The record evidence further indicates that Cedar Lake staff failed to consult the physician of a 72-year old male resident identified as Resident 18, regarding the proper level at which his sleeping oxygen saturation was to be maintained by use of a "bi-level positive airway pressure machine."

No. 11-60180

Moreover, the Board's decision affirming the amount of the civil monetary penalty was reasonable. In arguing that the $9,500 penalty was unreasonable, Cedar Lake repeats its argument, rejected by the ALJ and the Board below, that it does not have a history of "uncorrected" regulatory violations. As the Board explained, however, Cedar Lake does indeed have a history of noncompliance with applicable regulations and has previously been subjected to several lesser civil monetary penalties. *See, e.g.*, *Cedar Lake*, 619 F.3d at 456-58 (rejecting Cedar Lake's challenge to a previous final determination upholding imposition of a $5,000 penalty for a February 2008 violation of accident prevention standards). The Board correctly determined that the ALJ considered the appropriate criteria in upholding the penalty amount. Therefore, the Board's decision in this respect was not unreasonable.

For the foregoing reasons, we conclude that the Board's determination was supported by substantial evidence and otherwise reasonable. We therefore DISMISS Cedar Lake's petition for review.